IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ERICK AGUILAR RUIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV272 |
| | ) | |
| NATIONSTAR MORTGAGE LLC, | ) | |
| SUBSTITUTE TRUSTEE Natasha M. Barone, | ) | |
| HUTCHENS, SENTER & BRITTON, PA, | ) | |
| FLICK MORTGAGE INVESTORS, | ) | |
| GMAC BANK, LINDSEY R. DAVIS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Motions to Dismiss filed by Defendant Lindsey R. Davis [Doc. #14], Defendants Hutchens, Senter & Britton, PA and "Substitute Trustee aka Natasha M. Barone" [Doc. #22], and Defendant Nationstar Mortgage LLC [Doc. #29].[1] Plaintiff Erick Aguilar Ruiz, proceeding *pro se*, brings this action raising various claims related to a mortgage foreclosure action in state court. For the reasons set out below, the Court recommends that Defendants' motions be granted and that this action be dismissed.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Ruiz alleges in his Complaint that his federal and state constitutional rights were violated by Defendants by the "fraud, deprivation, theft and sale of plaintiff's real [legal] property described as 829 Gardengate Road Greensboro, NC." (Compl. [Doc. #2] at 1.) This

---

[1] Defendant GMAC BANK has been terminated as a Defendant due to its filing of bankruptcy. (Order of J. Tilley [Doc. #28].)

property was Plaintiff's residence. Plaintiff also lists several federal criminal statutes allegedly violated by Defendants, including 18 U.S.C. § 1861, 18 U.S.C. §§ 241 and 242, and 18 U.S.C. § 3571. He also relies upon Article I, sections 1, 16, and 21 of the North Carolina state constitution, and North Carolina General Statute § 25-3-505 (2011). (Id. at 2.)

Plaintiff alleges that on July 30, 2011, he sent to Flick Mortgage Investors and Nationstar Mortgage, Inc. certain documents in an attempt to "clear up account errors." (Id. at 3.) He then "discovered contract/mortgage fraud and potential Robo-Signing & Stamping" in his mortgage documents. (Id.) Plaintiff then discusses the state court proceedings which took place in Greensboro, N.C. He alleges that state court administrator Teresa Lawson "mishandled affidavits of record." Plaintiff states that his native language is Spanish and that he "was not given court appointed bi-lingual interpreter" for the February 10, 2012, court hearing which "barred him from comprehending" matters at the hearing. (Id. at 3-4.) The superior court judge presiding over this hearing was Defendant Lindsey R. Davis. Plaintiff alleges that Defendant Davis "granted foreclosure order on plaintiff's homestead, without reviewing submitted evidence, exhibits, and court appointed bi-lingual interpreter." (Id. at 4.) Plaintiff also claims that the "pooling & servicing agreement"[2] between Flick Mortgage Investors and GMAC Bank was not disclosed to him at closing. (Id. at 5.) He says that this non-disclosure caused his deed of trust and promissory note to be an "ultra vires contract." Plaintiff also claims that at the time of the foreclosure order, the Defendants should not have proceeded with the sale of his home

---

[2] Plaintiff refers to "Exhibit C" to his Complaint, which appears to be a copy of an index of a Pooling and Services Agreement filed apparently with the Securities and Exchange Commission by GMAC Commercial Mortgage Securities, Inc. on July 11, 2002.

because they "could not verify or locate original trustee of record, thereby voiding substitute trustee's power of sale clause, making foreclosure of plaintiff's real legal property unlawfully." (Id.) Plaintiff seeks damages and declaratory relief, in addition to the Court quieting title of his former residence in Plaintiff's name. Defendants have filed Motions to Dismiss, which the Court considers below.

II.  DISCUSSION

   A.  Defendant Davis' Motion to Dismiss

Defendant Davis moves to dismiss based on Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficient service of process, and 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff refers in his Complaint to the February 10, 2012 hearing held in Guilford County, North Carolina Superior Court. Defendant Davis attaches to his Motion a copy of the Order Allowing Foreclosure [Doc. #15-1], which Defendant Davis signed on the date of the hearing. According to the Order, Plaintiff appeared on his own behalf and had appealed from the November 16, 2011 Order of the Guilford County Clerk of Court allowing the foreclosure of his property to proceed.[3]

---

[3] Matters outside of the pleadings may be considered by the Court when deciding motions under Rule 12(b)(1), 12(b)(2), 12(b)(4), and 12(b)(5) without converting the motion to one for summary judgment. Wilson-Cook Med., Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991) ("Converting a motion to dismiss into a motion for summary judgment, of course, applies only to a motion made pursuant to Rule 12(b)(6)."); see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009); Nat'l Alliance for Accessibility, Inc. v. Macy's Retail Holdings, Inc., No. 1:11CV877; 2012 WL 5381490 (M.D.N.C. Oct. 30, 2012) (Rule 12(b)(1)).

3

Defendant Davis, as the state court presiding judge, found the following as facts as set out in the Order. Plaintiff executed a promissory note ("the Note") on June 18, 2002, payable to Flick Mortgage Investors, Inc., which was secured by a deed of trust executed by Plaintiff pledging the real property at 829 Gardengate Road, Greensboro, North Carolina, as security for repayment of the Note. (Order [Doc. #15-1] at 1.) The Note was transferred to GMAC Bank, then to GMAC Mortgage Corporation, and finally to Nationstar Mortgage, LLC, the current holder. The deed of trust contained a power of sale provision which allowed the trustee or substitute trustee to foreclose upon the property in the event of default. The Note was in default because the last payment made was for the period ending November 1, 2010. Notice of the action was served on all of the record owners and any other person against whom the Note holder intended to assert liability for the debt. Plaintiff had no valid legal reason why the foreclosure should not begin. Based upon those facts, Defendant Davis found as a matter of law that the foreclosure should proceed as provided by law and the deed of trust. He ordered that Plaintiff's appeal be dismissed.

Defendant Davis argues that all claims against him should be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's Complaint under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983), and Rooker v. Fidelity Trust

4

Co., 263 U.S. 413, 416 (1923)). The Rooker–Feldman doctrine precludes lower federal courts from considering "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). This doctrine is based on the principle that federal district courts do not have jurisdiction to review decisions of state courts. Id. at 291-92. "The key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the 'state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself.'" Willner v. Frey, 243 F. App'x 744, 747 (4th Cir.2007) (quoting Davani v. Virginia Dep't of Transp., 434 F.3d 712, 718 (4th Cir.2005)). Claims covered by this doctrine include not only those presented to and actually decided by the state court, but also to constitutional claims that are "inextricably intertwined with" those questions ruled upon by the state court. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). The doctrine precludes review of lower state courts as well as the state's highest court. Jordahl v. Democratic Party of Va., 122 F.3d 192, 199 (4th Cir. 1997).

All of the allegations against Defendant Davis relate to his judicial actions in state court in presiding over the appeal of the order of the Clerk of Court allowing the foreclosure of Plaintiff's property. Plaintiff complains that Defendant Davis "granted foreclosure" on his home without reviewing the evidence submitted, failed to appoint a court interpreter, and violated his due process rights. (Compl. [Doc. #2] at 4.) By these allegations, Plaintiff seeks to challenge "the sufficiency of the state foreclosure order," a challenge that is foreclosed by the

5

Rooker-Feldman doctrine in this Court. See Harris v. Suntrust Mortg., Inc., No. 12CV378, 2013 WL 1120846, at *6 (M.D.N.C. Mar. 18, 2013) (dismissing all claims arising out of a mortgage foreclosure against state Clerk and Assistant Clerk of Superior Court based upon Rooker-Feldman doctrine, among other bases). Plaintiff's remedy for these and the other alleged defects in the state foreclosure proceeding was to appeal through the state judicial system and then seek review in the Supreme Court of the United States. This Court lacks subject matter jurisdiction to review the state court's order. Accordingly, all claims against Defendant Davis should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[4]

B.    Motions to Dismiss filed by the Remaining Defendants

Plaintiff does not particularize his claims against the remaining Defendants in his Complaint. Therefore, the Court will discuss those claims together. All of Plaintiff's claims against these Defendants relate to, in Plaintiff's words, "violations of constitutionally protected rights, and the fraud, deprivation, theft and sale of plaintiff's real [legal] property described as 829 Gardengate Road Greensboro, NC." (Compl. [Doc. #2] at 1.) The declaratory relief and damages Plaintiff seeks are "for injury caused by loss of homestead" and "failure to execute due process of law, redress, equal protection, privileges and immunities" guaranteed by the

---

[4] The Court also notes that as a North Carolina Superior Court Judge, Defendant Davis is entitled in his individual capacity to absolute judicial immunity from damages for the judicial actions he took in connection with Plaintiff's foreclosure action over which he properly exercised jurisdiction. See N.C. Gen. Stat. § 45-21.16(d1) (2011) (providing for appeal to superior court of clerk's order allowing foreclosure); Harris, 2013 WL 1120846, at *6 (court clerk and assistant clerk entitled to absolute judicial immunity for their role in mortgage foreclosure). In addition, in his official capacity, Defendant Davis is entitled to the immunities "that the governmental entity possesses." Hafer v. Melo, 502 U.S. 21, 25 (1991). Therefore, Defendant Davis in his official capacity is entitled to the protection afforded by the Eleventh Amendment which "effectively confers an immunity from suit." Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Nivens v. Gilchrist, 444 F.3d 237, 249 (4th Cir. 2006).

6

Constitution of North Carolina, all related to the foreclosure action. (Id. at 6.) The relief Plaintiff seeks includes quieting title and placing him in "peaceable possession" of the property. (Id. at 7.) In sum, as to the remaining Defendants, Plaintiff is "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Such review is prohibited by the Rooker-Feldman doctrine. Id.; see also Smalley v. Shapiro & Burson, LLP, No. 12-1266, 2013 WL 1613219 (4th Cir. April 16, 2013). All claims against the remaining Defendants should therefore be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.[5]

Finally, the Court notes that Plaintiff relies upon several federal criminal statutes for his claims. However, there is no private right of action pursuant to 18 U.S.C. § 241 or § 242. Bey v. North Carolina, No. 3:12CV454, 2012 WL 3528005 (W.D.N.C. Aug. 14, 2012); see Doe v. Broderick, 225 F.3d 440, 447-448 (4th Cir. 2000) ("The Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute.'" (quoting Cort v. Ash, 422 U.S. 66, 80 (1975))). Plaintiff also cites 18 U.S.C. § 3571 as pertaining to violations of oath of office. However, that statute concerns sentences of fines and does not provide any basis for a valid claim. Plaintiff also relies upon 18 U.S.C. § 1861, which pertains to deception of prospective purchasers of public land of the United States. Plaintiff makes no allegation that his

---

[5] All of the Defendants also raise valid objections to the lack of proper service in this case. See N.C. Gen. Stat. § 1A-1, Rule 4. Therefore, Plaintiff's claims would also be subject to dismissal for lack of personal jurisdiction under Rule 12(b)(2) and for insufficiency of service of process under Rule 12(b)(5). However, given the Court's conclusion that all of Plaintiffs claims should be dismissed pursuant to the Rooker-Feldman doctrine as set out above, the Court need not consider further whether to allow Plaintiff the opportunity to correct any defects in service of process or show cause for failure to make timely service.

7

Case 1:12-cv-00272-NCT-JEP   Document 32   Filed 08/26/13   Page 7 of 8

claims involve public land. Thus, these claims based upon federal criminal statutes would also be subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

III. CONCLUSION

IT IS THEREFORE RECOMMENDED that the Motions to Dismiss filed by Defendant Lindsey R. Davis [Doc. #14], Defendants Hutchens, Senter & Britton, PA and "Substitute Trustee aka Natasha M. Barone" [Doc. #22], and Defendant Nationstar Mortgage LLC [Doc. #29], be granted as set out above and that this action be dismissed.

This, the 26th day of August, 2013.

/s/ Joi Elizabeth Peake
United States Magistrate Judge